## Chamberlin *v.* Keeler.

*Promissory note—Affidavit to defense—Set-off.*

In an action against the maker of a promissory note the allegation that the note was transferred to the plaintiff for the purpose of defrauding payee's creditors is, standing alone, no defense; nor coupled with the averment that at the time of filing the affidavit the payee was indebted to the defendant, is it a defense.

Argued Oct. 2, 1900. Appeal, No. 211, Oct. T., 1899, by defendants, in suit of Lavinia Chamberlin against John W. Keeler and W. H. G. Kirkpatrick, trading as Keeler & Kirkpatrick, from judgment of C. P. No. 4, Phila. Co., June T., 1899, No. 907, making absolute rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that suit was brought on two promissory notes made by the defendants to the order of J. A. Chamberlin, and by him indorsed to Lavinia Chamberlin, appellee, his wife, one for $267.74 and the other for $100.

The affidavit of defense denies that appellee has any title to the notes, averring the transfer to have been for the purpose of working a fraud on the creditors of the said J. A. Chamberlin, who is an acknowledged bankrupt; it also sets up a set-off of $215.70 expenses and losses sustained, and agreed by the said J. A. Chamberlin to be deducted from said notes, and the further set-off of $511.18, being the amount of a judgment regularly assigned to appellants by H. F. Sexton and Seneca L. Kirk, copartners trading, as J. H. F. Sexton and Company, recovered by them August 25, 1890, in the Supreme Court of the state of New Jersey. This latter set-off and a specification of the expenses and losses incident up to the time of the argument were contained in the supplemental affidavit of defense.

Plaintiff entered a rule for judgment for the portion of claim as to which affidavit of defense was insufficient, and a rule for judgment for want of a sufficient affidavit of defense. The latter rule was abandoned at the argument. The former was made absolute, and damages assessed at $175.85, for which sum judgment was entered.

Defendant appealed.

*Errors assigned* were (1) making absolute rule for judgment for portion of claim as to which affidavit of defense is insufficient. (2) Entering the judgment for $175.85.

*Alfred H. Faber*, for appellants.—A denial of title in the plaintiff together with the averment that the transfer is to prevent a set-off is sufficient to carry the case to a jury: Eyre v. Yohe, 67 Pa. 477 ; Graphic Co. v. Marcy, 4 W. N. C. 239.

And similarly, a denial of title together with an allegation of fraud has been held sufficient to prevent judgment: Reamer v. Bell, 79 Pa. 292.

An affidavit alleging a set-off against the real plaintiff, from whom it is alleged the plaintiff took for the purpose of preventing defendant from proving a set-off, is likewise sufficient: Osmer v. Souder, 3 W. N. C. 155 ; Lewis v. Broadbent, 21 W. N. C. 31.

*Samuel H. Kirkpatrick*, for appellee.—The law is well settled that a defendant can set off only a debt or demand due to himself at the time when the suit against him was brought : Pennell v. Grubb, 13 Pa. 552; Smith & Co. v. Ewer & Peck, 22 Pa. 116 ; Huling v. Hugg, 1 W. & S. 418 ; Speers v. Sterrett, 29 Pa. 192.

Where one side attempts to prevent a recovery by setting up, as a cross-demand, a note payable to a third person not negotiable, he must show he was the owner of the note before the suit was commenced : Pennell v. Grubb, 13 Pa. 552; Smith & Co. v. Ewer & Peck, 22 Pa. 116. These cases have been followed in Roig v. Tim, 103 Pa. 115, Gunnis, Barritt & Co. v. Cluff, 111 Pa. 512, and Riley v. Eigo, 1 Pa. Superior Ct. 139.

PER CURIAM, October 22, 1900 :

This was an action by the indorsee against the makers of a note. The defendants allege that the note was transferred to the plaintiff for the purpose of defrauding the payee's creditors. This, standing alone, was not a defense, nor coupled with an averment that at the time of filing the affidavit the payee was indebted to the defendant, was it a defense. After suit brought, the defendant could not buy up claims against the payee and demand to have them set off in the action upon the note, for the simple reason, if for no other, that to entitle a defendant to set off a cross-demand he must own the same when the action was instituted.

The judgment is affirmed.